UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAN THI TRAN NGUYEN, | Case No. 2:13-cv-00273-MMD-CWH |
| Plaintiff, | ORDER |
| v. | |
| COLLINS, et al., | |
| Defendants. | |

Plaintiff is a prisoner in federal custody. Plaintiff has filed an application to proceed *in forma pauperis* and a *pro se* complaint concerning her prior incarceration at the Nevada Southern Detention Center in Pahrump, Nevada.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed an application to proceed *in forma pauperis*. (Dkt. no. 1). However, on February 22, 2013, plaintiff paid the Clerk of Court the full filing fee of $350.00 for this action. (Dkt. no. 5). As such, plaintiff's motion to proceed *in forma pauperis* is denied as moot.

**II.    MOTIONS FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed two motions for the appointment of counsel. (Dkt. nos. 2 & 4). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request,

however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff's motions for the appointment of counsel are denied.

### III. SCREENING STANDARD

Notwithstanding any filing fee that has been paid, the complaint is subject to *sua sponte* dismissal by the Court to the extent it contains claims that are "frivolous, malicious, fail to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent

standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**IV.    SCREENING OF THE COMPLAINT**

Plaintiff is a prisoner in federal custody. In the complaint, plaintiff alleges that she and other inmates were subjected to unconstitutional conditions of confinement, including inadequate medical care, improper hygiene, and other unfavorable conditions of confinement while incarcerated at the Nevada Southern Detention Center, located in Pahrump, Nevada. Plaintiff seeks to bring action against Warden Collins and Unit

3

Manager Holland of the Nevada Southern Detention Center. Plaintiff seeks damages against defendants.

As an initial matter, plaintiff seeks to bring this action in a representative capacity as a class action lawsuit. *Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986); *McShane v. United States*, 336 F.2d 286, 288 (9th Cir. 1966). Moreover, plaintiff cannot meet the requirements for class certification required by Rule 23 of the Federal Rules of Civil Procedure. As such, the Court construes the complaint and all allegations made therein as applicable to plaintiff Nguyen only.

The Court notes that although plaintiff purportedly brings this action under 42 U.S.C. § 1983, the Court construes the complaint as seeking relief under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

Plaintiff's allegations concern her conditions of confinement while incarcerated at a private facility, the Nevada Southern Detention Center, which is owned and operated by the Corrections Corporation of America pursuant to a contractual services agreement with the U.S. Marshal's Service. However, *Bivens* does not provide a remedy for alleged wrongs committed by a private entity alleged to have denied plaintiff's constitutional rights under color of federal law. *Corrections Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001). Additionally, the United States Supreme Court has held that a prisoner cannot bring a *Bivens* action against an employee of a private entity for

4

damages pursuant to alleged Eighth Amendment violations. *Minneci v. Pollard*, — U.S. —, —, 132 S.Ct. 617, 626 (2012). In *Minneci*, the Supreme Court held that:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of the kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 626. Here, plaintiff asserts Eighth Amendment claims based on allegations of inadequate medical care and unconstitutional conditions of confinement, seeking damages from defendants who are employees of a private prison. Plaintiff has a tort remedy under Nevada state tort law. *See* Nev. Rev. Stat. 41A, *et seq.* While plaintiff may be able to raise her claims against defendants as a tort claim in state court, the claims are not cognizable as a civil rights action in federal court. As such, the complaint is dismissed with prejudice, as amendment would be futile.

## V.   CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motions for the appointment of counsel (dkt. nos. 2 & 4) are DENIED.

IT IS FURTHER ORDERED that the complaint is DISMISSED WITH PREJUDICE, in its entirety, for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that this Court CERTIFIES that any *in forma pauperis* appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

DATED THIS 26th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE